COLUMBUS DeLISLE, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, May 31, 1910.

1. APPELLATE PRACTICE: Conclusiveness of Trial Court's Finding: Conflicting Evidence. The trial court's finding on conflicting evidence is binding on the appellate court.

2. ————: Indefinite Allegation in Petition: No Objection by Motion. A complaint that the petition is indefinite will not be noticed on appeal where no objection by motion or otherwise was made to it on that account.

3. COMMON CARRIERS: Delay in Transportating Live Stock: Damages: Elements. In an action for damages for delay in furnishing cars and transporting a shipment of cattle, the shrinkage of the cattle because of such delays and the falling off of the market price in the meantime were properly considered in estimating damages sustained.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*M. F. Evans* and *Moses Whybark* for appellant.

(1) The defendant, on account of the condition of its track at the north end, was unable to receive plaintiff's shipment earlier than it did, and it had the right to decline to receive his cattle for shipment until it could transport them. This defendant did, and ad-

vised the plaintiff why it did so, and the plaintiff was satisfied therewith and he therefore can not recover against the defendant for failure to receive his cattle for shipment earlier than it did. Guinn v. Railroad, 20 Mo. App. 453; Railroad v. Swift, 12 Wall 262-75, 79 U. S.; Moore on Carriers, pp. 101, 107; Faulkner v. Railroad, 51 Mo. 311; Hutchinson on Carriers (2 Ed.), sec. 292, p. 338; 5 Am. and Eng. Ency. Law (2 Ed.), 165-169. (2) The plaintiff never delivered his stock for shipment until Tuesday morning of the day they were forwarded, but they remained in his fields until that time and defendant's liability, if any, attached from that time. The plaintiff, himself, says it was about two hours before he loaded the cattle on the cars at 9 a. m. of that day when he placed them in the stock pens of defendant. Lackland v. Railroad, 101 Mo. App. 420; 5 Am. and Eng. Ency. Law (2 Ed.), 181, sec. 2; 6 Cyc. 412, sec. F. And after the acceptance of the cattle by the defendant, it then became his duty to carry and deliver them within a reasonable time. Dawson v. Railroad, 79 Mo. 296; Clark v. Railroad, 39 Mo. 184; 5 Am. and Eng. Ency. Law (2 Ed.), p. 244, sec. 9. (3) The plaintiff's petition is indefinite as to what he seeks to base his recovery upon; he alleges the failure to supply cars to ship his cattle under an agreement to do so; that he faithfully delivered his cattle for loading, and the cars were not supplied; that by the failure to supply the cars his cattle were subjected to shrinkage and failed to reach the market, as agreed, and he suffered an additional loss of fifty cents per cwt. on that account, and altogether he was damaged $295. Wholly failing to allege how many cattle he offered to ship, how much shrank, or how much was lost in the market price by failure to reach the market. It is submitted that the plaintiff was advised all the time by the agent at the station, and there was nothing to prevent him from driving his cattle to the Cotton Belt Railroad if he had seen fit; and the defendant's liability therefor to him

did not arise until he delivered his cattle to it on Tuesday morning on the day they were shipped; and his action, if any, was the delay in shipment, from that time, and not for the failure of defendant to furnish cars which he waived, as shown by his own testimony. Guinn v. Railroad, 20 Mo. App. 453; Moore on Carriers, pp. 101, 107.

*J. V. Conran* for respondent.

REYNOLDS, P. J.—The plaintiff instituted his action in the circuit court of New Madrid county against the defendant for damages alleged to have been sustained by him in consequence of the defendant's failure to supply cars it had contracted to do in which to ship his cattle and that by reason of the delay in the supply of cars and in the shipment of the cattle, the cattle lost in weight and did not reach the market for sale at the time they should have done, had the defendant supplied the cars as contracted and agreed; that the market fell off and that plaintiff had suffered damages thereby, plaintiff laying his damages at $295. The answer was a general denial. The trial was before a court without a jury, a jury having been waived. At the request of defendant the court made a special finding of facts, which, in effect, after finding that the defendant was a corporation operating a railroad in this State from Portageville, Missouri, to East St. Louis, Illinois, and a common carrier of passengers and goods, finds that on a day in April, 1906, the plaintiff ordered from the defendant two cars for the shipment of cattle from Portageville to East St. Louis, and that the defendant through its agent at Portageville agreed with plaintiff to have cars there on a day named; that on that day plaintiff delivered at the defendant's stock pen for shipment from Portageville to East St. Louis, fifty-five head of cattle, but that the defendant failed and neglected to supply the cars agreed on the date agreed and that plaintiff's cattle were kept in the stock pen "more than ——

hours before the car was furnished by defendant and they were loaded, and after being in the cars at Portageville they were permitted to remain in the car on the track at Portageville for —— hours;" that after being loaded they were delayed in transit from twenty-four to thirty hours more than was necessary through the negligence and carelessness of the defendant, and that by reason of the failure of the defendant to supply the cars at the time agreed upon and by reason of the unusual length of time the cattle were upon the road they lost in weight and that in consequence of the delay in the delivery of the cattle they had fallen off in market value thirty cents per hundred pounds. The court found for the plaintiff in the sum of $190.41. Judgment followed. Defendant in due time filed exceptions to the special finding of fact and a motion for a new trial, both of which were overruled, exception saved and appeal duly perfected by defendant to this court.

It is urged by the defendant that on account of the condition of the track at the north end, it was unable to receive the shipment until it could transport it, claiming that it did this and so advised plaintiff, who acquiesced. Second, that plaintiff never delivered the stock for shipment until the day they were forwarded. Third, that the petition is indefinite as to what plaintiff seeks to recover upon. From the abstract furnished in the case by the appellant and the brief of its counsel, there being no opposing brief, we gather that the testimony was conflicting as to the fact concerning the first and second errors assigned. That being so, the conclusion of the trial court on the facts is binding upon us, there being substantial evidence to support it.

As to the third proposition that the petition is indefinite, it is to be noted that no objection or motion was made to it on that account, and no exceptions are called to our attention in the statement and brief filed by the appellant's counsel to the admission of testimony. The only exceptions, saved, as shown by this statement,

are exceptions to the findings of the court and to the overruling of the motion for a new trial. The case was tried throughout on the theory that damage had been sustained through the shrinkage in the weight of the cattle in consequence of the delay in furnishing the cars and consequent delay in arrival at the market for which they were destined; and that the market had in the meantime fallen off, plaintiff testifying that it had fallen off 35 cents per hundred pounds. These were proper facts to be considered in estimating the damages sustained. [Glascock v. C. & A. R. R. Co., 69 Mo. 589.] The court put this loss at thirty cents, and allowed for a shrinkage of one hundred pounds in weight on each head. Estimating the damage on these two elements, it allowed plaintiff $190.41. We see no error to the prejudice of the defendant at the trial or in the result.

The judgment is affirmed. All concur.

